MARY J. FREY, Appellant, *v.* GEORGE K. WEEKS et al., Doing Business under the Name of BAKER, WEEKS & HARDEN, Respondents, et al., Defendants.

First Department, November 1, 1948.

*Kermit F. Kip* of counsel (*Jacob Rosenberg* with him on the brief), for appellant.

*Barent L. Visscher* of counsel (*Frank E. Curley* with him on the brief; *Hawkins, Delafield & Longfellow,* attorneys), for respondents.

*Per Curiam.* Assuming that this case is governed by the common law and not the Uniform Stock Transfer Act (Personal Property Law, §§ 162–185), we think that a nonsuit was nonetheless warranted upon the proof.

Plaintiff conceded that she indorsed the stock certificates in blank and delivered them to Hamilton " as * * * a broker " for sale and to use the proceeds for a specific purpose. This person in turn delivered the certificates to Dawson, a dealer in securities, by whom they were presented to defendants (who were stockbrokers) for transfer and sale.

Dawson was clothed with an indicia of title or apparent ownership and authority in respect to the securities.

Even if there might have been cause for inquiry on the part of defendants, it is quite apparent that any reasonable inquiry would only have disclosed that plaintiff had authorized the sale of the stock.

The judgment should be affirmed, with costs and disbursements to respondents.

PECK, P. J., GLENNON, DORE, CALLAHAN and VAN VOORHIS, JJ., concur.

Judgment unanimously affirmed, with costs.